# IN THE COURT OF APPEALS OF IOWA

No. 18-0982
Filed October 23, 2019

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**JEREMY WALTER ROSE,**
　　　　Defendant-Appellant.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Rustin T. Davenport, Judge.

Jeremy Rose appeals his conviction of child endangerment resulting in serious injury. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, Judge.**

A jury found Jeremy Rose guilty of child endangerment resulting in serious injury. On appeal, Rose contends "[t]he deprivation-of-necessary-health-care-or supervision alternative for child endangerment was not legally supported by the evidence" and "[t]he district court therefore erred in instructing the jury on this theory of culpability."

"[P]arties to a lawsuit are entitled to have their legal theories submitted to the jury if such theories are supported by substantial evidence." *State v. Hogrefe*, 557 N.W.2d 871, 876 (Iowa 1996). "In determining whether there is substantial evidence to support submission of an instruction to the jury, we view the evidence in the light most favorable to the party requesting the instruction." *Id.*

The State charged Rose with five statutory alternatives of child endangerment. The district court instructed the jury on four of the five alternatives. *See* Iowa Code § 726.6(1)(a)–(d) (2017).[1] The instruction for the challenged alternative was as follows:

> The State must prove all of the following elements of child endangerment resulting in serious injury:
> 1. On or about June 22, 2017, the defendant was the parent, guardian, or person having custody or control of [the child].
> 2. [The child] was under the age of 14 years.
> 3. *The defendant intentionally deprived [the child] of necessary health care or supervision appropriate to [the child]'s age.*
> 4. The defendant was reasonably able to provide it.
> 5. The defendant's act resulted in serious injury to [the child].

(Emphasis added.) *See* Iowa Code § 726.6(1)(d).

---

[1] The court found insufficient evidence to support the multiple-acts alternative.

The jury could have found the following facts. Rose had a five-month-old child who was under his exclusive care on the evening in question. The child began having trouble breathing. Rose called his mother at 9:23 p.m. The call lasted eight minutes and thirty-two seconds. At approximately 9:30 p.m., Rose called the child's mother and told her he was taking the child to the emergency room. She immediately contacted her father, who in turn called 911.

Emergency medical personnel were dispatched to Rose's home. They were en route at 9:41 p.m., on the scene at 9:45 p.m., and evaluating the child almost immediately. One of the firefighter/paramedics testified the child was not "breathing adequately on her own" so they used a "bagging" procedure to take over "breathing for the baby." He stated children with respiratory problems are more susceptible to going into cardiac arrest. He believed the child sustained a "brain injury" and characterized her level of distress as "severe." The ambulance took the child to a local hospital at 9:52 p.m. She was later flown to Mayo Clinic for surgery to relieve pressure in her brain.

A pediatrician at Mayo Clinic opined that the child sustained "what we used to call shaking or shaken baby syndrome." He noted "subdural hemorrhage around her brain" and "extensive retinal hemorrhages." He opined that children with that type of injury would "immediately have symptoms"—"immediate difficulties with their breathing, with their level of consciousness." He further testified that if a person is "having trouble breathing" and does not "get that oxygen," "then it's going to worsen the . . . damage."

A reasonable juror could have found from this evidence that Rose "intentionally deprived the child of necessary health care" by failing to call 911

immediately and by allowing more than twenty minutes to elapse without treatment. *See, e.g.*, *State v. Schlitter*, 881 N.W.2d 380, 392 (Iowa 2016) ("The doctors testified at trial that the symptoms of head trauma would have been obvious to anyone."); *State v. Leckington*, 713 N.W.2d 208, 215 (Iowa 2006) (finding the defendant's "decision, to leave the boy in an unsupervised location rather than to provide necessary health care or at least supervision, was intentional and deliberate"). Because substantial evidence supports the deprivation-of-necessary-health-care alternative of child endangerment, the district court did not err in instructing the jury on that alternative. We affirm Rose's judgment and sentence for child endangerment resulting in serious injury.

**AFFIRMED.**